| **Respond to Selected Documents** |     Sort by date: Descending Ascending     Display options: All Entries ⌄

**06/17/2026**

### Receipt Filed
NOTICE OF SERVICE FILED BY DEPARTMENT OF COMMERCE AND INSURANCE

**06/02/2026**

### Corporation Served
Document ID - 26-SMCC-1342; Served To - STATE FARM FIRE AND CASUALTY COMPANY; Served Date - 05/19/2026; Served Time - 10:30:00; Service Type - SP; Reason Description - SERV; Service Text -KIM LANDORS - AUTHORIZED AGENT

**06/01/2026**

### Notice of Service
Affidavit of Service.
    **Filed By:** MORGAN ZEIDMAN
    **On Behalf Of:** PATRICK SANDESS, COLLEEN SANDNESS

**04/21/2026**

### Case Mgmt Conf Scheduled

    **Scheduled For:** 08/21/2026; 9:00 AM; JOSEPH ALFRED RATHERT; Jefferson

### Summons Issued-Circuit
Document ID: 26-SMCC-1342, for STATE FARM FIRE AND CASUALTY COMPANY

### Order - Special Process Server
Pursuant to RSMo 506.140, the requested individual(s) are appointed as Special Process Server(s) in this cause of action. Michael E. Reuter by: L. Alexander, Deputy Clerk

**04/17/2026**

### Filing Info Sheet eFiling

    **Filed By:** MORGAN ZEIDMAN

### Confid Filing Info Sheet Filed
Confidential Filing Information Sheet.
    **Filed By:** MORGAN ZEIDMAN
    **On Behalf Of:** PATRICK SANDESS, COLLEEN SANDNESS

### Designation of Lead Attorney
Designation of Lead Attorney.
    **Filed By:** MORGAN ZEIDMAN
    **On Behalf Of:** PATRICK SANDESS, COLLEEN SANDNESS

### Motion Special Process Server
Motion for Approval and Appointment of Private Process Server.
    **Filed By:** MORGAN ZEIDMAN
    **On Behalf Of:** PATRICK SANDESS, COLLEEN SANDNESS

### Pet Filed in Circuit Ct
PETITION; Exhibit A; Exhibit B; Exhibit C.
    **Filed By:** MORGAN ZEIDMAN
    **On Behalf Of:** PATRICK SANDESS, COLLEEN SANDNESS

26JE-CC00398

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI**
**AT HILLSBORO**

**PATRICK AND COLLEEN SANDNESS**
**5018 SCENIC VIEW ACRES DR.**
**IMPERIAL, MO 63052**

|  |  |
|---|---|
| **Plaintiffs,** | |
| **v.** | **Case No. _____** |
| **STATE FARM FIRE AND** | |
| **CASUALTY COMPANY** | |
| **1 STATE FARM PLAZA** | |
| **BLOOMINGTON, IL 61710** | |
| | |
| *Service Instructions:* | |
| *Department of Insurance* | |
| *Direction of Insurance* | **JURY TRIAL REQUESTED** |
| *301 W. High St., Ste. 530* | |
| *Jefferson City, MO 65101* | |
| | . |
| **Defendant.** | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiffs, Patrick and Colleen Sandness, by and through undersigned Counsel, files their Petition against the Defendant, State Farm Fire and Casualty Company, and states the following:

**PARTIES**

1. Plaintiffs, Patrick and Colleen Sandness (hereinafter "Plaintiffs") are citizens and residents of Imperial, Missouri.

2. Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant") is a Corporate Insurance Company, with its principal place of business in Illinois, and is a non-resident doing business within the State of Missouri, and may be served

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

through the Director of Insurance pursuant to R.S.Mo §§ 375.906 and/or 375.256 R.S.Mo.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to §478.070 R.S.Mo and Mo. Const. Art. V, §14, as circuit courts shall have original jurisdiction over all cases and matters.

4. This Court has personal jurisdiction over Defendant pursuant to §375.906 R.S.Mo as Defendant is licensed to and transacts substantial business in Missouri, falling under the Missouri Long-Arm Statute. Defendant has purposefully established minimum contacts with Missouri by selling Insurance, employing agents, and soliciting residents. Plaintiffs' claims arise directly from Defendant's Missouri-based business activities.

5. Venue is proper in this Court pursuant to R.S.Mo §508.010.2(4), as Defendant is a non-resident and Plaintiffs' suit may be brought in any county in this State.

6. The damages sought herein are greater than Twenty-five Thousand Dollars ($25,000.00), exclusive of interest, costs, statutory penalties, and attorney fees.

## STATEMENT OF FACTS

7. Prior to March 14, 2025, Defendant issued Plaintiffs a Homeowner's policy of insurance, policy number 25-P3-0480-9 effective through policy period October 25, 2024 to October 25, 2025  (hereinafter "the Policy")..

8. Plaintiffs are the named insureds under the Policy.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

9. The Policy covered the property located at 5018 Scenic View Acres Dr., Imperial, Missouri 63052-1553 (hereinafter "Subject Property"). A formal copy of the Policy is attached hereto as Exhibit A.

10. Under the terms of the Policy, Defendant agreed to insure Plaintiffs against losses specified in the Policy, including but not limited to, direct physical loss to the Subject Property caused by a severe weather event.

11. Pursuant to the Policy, Plaintiffs paid insurance premiums to effect insurance coverage of the Subject Property for all damages covered under the Policy.

12. Plaintiffs paid all premiums due under the Policy and otherwise performed all obligations required under the Policy.

13. On or about March 14, 2025, the Subject Property suffered damage from a severe weather event (hereinafter "the Loss").

14. The Policy was in full force and effect at the time of the Loss events described herein.

15. The Loss is a covered peril under the terms and conditions of the Policy.

16. Plaintiffs promptly notified Defendant of the loss.

17. Plaintiffs submitted a claim for damages to Defendant and was assigned Claim Number 25-82M8-28P.

18. Plaintiffs have complied with all conditions precedent to recovery under the Policy.

19. The Policy requires Defendant to pay Plaintiffs the estimated cost to repair or replace the damaged property with similar construction and for the same use on the Subject Property.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

20. On or about April 12, 2025, Defendant acknowledged the occurrence of a covered loss through State Farm Fire and Casualty Company Representative and Estimator Dion Ferguson. *See, Exhibit B.*

21. Defendant Investigated the loss and determined that the Subject Property sustained damage due to hail and wind, covered losses, but failed to properly identify all wind and hail damages, necessary repairs, or the proper repair costs.

22. Defendant's April 12, 2025 estimate of covered damages for the loss totaled $1,748.48 RCV  and $1,208.90 ACV under Coverage A.

23. Plaintiffs retained Combined Loss Consulting to prepare a loss assessment and estimate for the losses that were caused by the loss.

24. Combined Loss Consulting, LLC prepared an estimate which was accompanied by photographs demonstrating that the Subject Property suffered direct physical loss and identified the estimated costs to restore the Subject Property to its' pre-loss condition to be $62,613.14.

25. A demand for payment was submitted to Defendant on December 16, 2025 by and through the undersigned, with a copy of the Combined Loss Consulting estimate and supporting photographs for consideration of payment under the terms of the Policy.

26. Defendant rejected Plaintiff's demand & requested to reinspect the insureds property by and through State Farm Claim Representative and Estimator John Holdinghausen.

27. Defendant reinspected the Subject Property on February 12, 2026.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

28. In an estimate dated February 16, 2026, Defendant again acknowledged the occurrence of a covered loss through State Farm Claim Representative and Estimator John Holdinghausen. See Exhibit C.

29. Defendant's February 16, 2026 revised estimate of covered damages for the loss totaled $3,041.50 RCV, $623.62 ACV for Coverage A.

30. Defendant did not properly investigate Plaintiffs' claim and determined that the total damages resultant from the covered loss did not exceed Plaintiffs' deductible.

31. As a result of Defendant's failure to pay and continued refusal to pay Plaintiffs' claim and fully indemnify Plaintiffs for their losses, Plaintiffs have incurred additional damages and continues to incur additional damages.

32. Plaintiffs bring the current action seeking to recover from Defendant the full cost of repairs (minus the applicable deductible) necessary to repair damage caused by the March 14, 2025, storm as provided under the policy.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiffs repeat and reallege the allegations and facts set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiffs and Defendant entered into a valid and enforceable contract of insurance.

35. At all times relevant hereto, Plaintiffs and Defendant were parties to a valid and enforceable contract – The Policy.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

36. Defendant issued the Policy in favor of Plaintiffs, and in exchange for Plaintiffs' payment of premiums, agreed to compensate Plaintiffs for losses covered under the Policy.

37. The Policy obligated Defendant to provide insurance coverage to Plaintiffs for losses covered under the Policy, including the losses that occurred on or about March 14, 2025.

38. Plaintiffs performed all of their obligations under the Policy, including payment of all premiums when due.

39. Plaintiffs have complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.

40. Plaintiffs submitted a timely claim to Defendant for the loss.

41. The damage that occurred at the Subject Property included both wind and hail damage, which are covered perils pursuant to the Policy.

42. Despite a timely and proper tender of claim for damage to the Subject Property, Defendant has refused to fully compensate Plaintiffs for the Loss.

43. Defendant has failed to properly adjust the Loss and pay insurance proceeds owed to Plaintiffs as a result of the damage caused by the March 14, 2025 storm.

44. This constitutes a breach of Defendant's obligations under the Policy.

45. Defendant breached the Policy by failing to provide sufficient payment for Plaintiffs' loss as required under the terms of the Policy.

46. Defendant breached the Policy by failing to indemnify Plaintiffs for all losses that occurred resulting from the covered loss and failing to return Plaintiffs' property to its pre-loss condition.

47. Defendant's breach of the Policy was material.

48. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiffs has suffered damages in the amount in excess of $25,000.00, exclusive of attorney's fees, interest, and costs, the exact amount to be determined at trial.

### COUNT II VEXATIOUS REFUSAL TO PAY IN VIOLATION OF R.S.MO §§ 375.296, 375.420

49. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. Defendant issued an insurance policy to Plaintiffs.  That was in effect at the time of the Loss.

51. At all times relevant hereto, Plaintiffs' and Defendant were parties to a valid and enforceable contract – The Policy.

52. Plaintiffs have complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.

53. Plaintiffs sustained a covered loss.

54. The Policy provided coverage for the type of loss the Subject Property suffered on March 14, 2025.

55. Plaintiffs submitted a valid claim under the Policy for the Loss.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

56. Plaintiffs made demand for payment from Defendant more than thirty days prior to the filing of this Petition.

57. Defendant refused to pay Plaintiffs' claim under the Policy sufficient to indemnify them of the total loss.

58. Defendant has breached its contract of insurance by refusing to properly adjust or pay the full amount of Plaintiffs' loss under the Policy.

59. Defendant has failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its Policies.

60. Defendant refused to pay a claim without conducting a reasonable and adequate investigation with respect to this claim.

61. Defendant has denied insurance benefits to Plaintiffs without a reasonable basis and in direct contravention to the plain terms of its Policy.

62. The sum of damages demanded by Plaintiffs' resulting from the Loss remain unpaid.

63. Plaintiffs' demand and the evidence supported therewith were sufficient to put Defendant on notice of its duties and responsibilities to pay Plaintiffs for the covered losses.

64. Defendant's refusal to pay Plaintiffs' claim and fully indemnify him from the Loss was without reasonable cause or excuse.

65. Defendants refusal to pay Plaintiff's claim for the loss is vexatious and violated the provisions of the Policy of Insurance,

66. Defendant's refusal to pay Plaintiffs' claim is willful and recalcitrant.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

67. Defendant's actions demonstrating vexatious refusal and unfair settlement practices include, but are not limited to:

    a.  Failing to acknowledge with reasonable promptness pertinent communications with respect to Plaintiffs' claim under the Policy;

    b.  Failing to adopt and implement reasonable standards for the prompt investigation and settlement of Plaintiffs' claim under the Policy;

    c.  Failing to properly investigate the claim despite acknowledging the occurrence of a covered peril;

    d.  Disregarding the professional estimate from Combined Loss Consulting without reasonable justification;

    e.  Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim when liability became reasonably clear;

    f.  Failing to provide an accurate explanation of the basis for not fully indemnifying Plaintiffs from the loss that occurred at the Subject Property;

    g.  Compelling Plaintiffs to institute a suit to recover amounts due under the Policy by offering substantially less than the amounts that will be recovered by way of this suit and that are justly due under the circumstances;

    h.  Refusing to pay Plaintiffs' claim without conducting a reasonable investigation;

    i.  Failing to promptly provide a reasonable and accurate explanation of the basis for failing to fully indemnify Plaintiffs for the Loss in the face of an offer of a compromise settlement;

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

j. Failing to promptly settle Plaintiffs' claims where liability had become reasonably clear under the Policy; and,

k. In other methods and manners that will be supplemented upon the completion of discovery.

68. Defendant knowingly committed the forgoing acts, with actual knowledge of the falsity, unfairness, or deception of the forgoing acts and practices.

69. Defendant's failure and refusal are vexatious within the meaning of R.S.Mo §375.296.

70. Plaintiffs are additionally entitled to recover statutory penalties as provided under R.S.Mo §375.420, including, but not limited to, an additional aware beyond the Loss compensation amount and reasonable attorney's fees.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory damages for breach of contract in an amount to be proven at trial, but not less than $62,613.14;

2. For statutory penalties pursuant to R.S.Mo §375.420 in the amount of twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars;

3. For reasonable attorney's fees pursuant to R.S.Mo §375.420.

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of this action;

6. For such other and further relief as the Court deems just and proper.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

**JURY DEMAND**

Plaintiffs hereby demand a jury trial on all issues of fact to the full extent of his

rights under the Constitution and all applicable law.

**THE COHEN LAW GROUP – MISSOURI,
LLC**

By: */s/ Morgan Zeidman, Esq.*
Morgan Zeidman, Esq.
Mo. Bar # 78537
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
Primary: mzeidman@itsaboutjustice.law
Secondary: Claudia.pitsch@itsaboutjustice.law
ATTORNEY FOR PLAINTIFF

26JE-CC00398

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI
### AT HILLSBORO

**PATRICK AND COLLEEN SANDNESS**

**Plaintiffs,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY**

**Defendant.**

Case No. _____

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Service, LLC.: Legal Names (s):

| | | |
|---|---|---|
| Sallie Bailey PPS26-0381 | Patrick Jones PPS26-0237 | Curtis Press PPS26-0057 |
| Kayla Binsbacher PPS26-0142 | Angelique Julian PPS26-0411 | Kenneth Prewett PPS26-0059 |
| Thomas Bogue PPS26-0146 | Wendy Kelley PPS26-0412 | Mark Rauss PPS26-0437 |
| Scott Brady PPS26-0384 | Chelsey Ketron PPS26-0413 | Ginger Robertson PPS26-0438 |
| Timothy Brown PPS26-0151 | Leisa Ketron PPS26-0414 | Kain Royer PPS26-0065 |
| Lenora Cope PPS26-0390 | Tyler Kirkhart PPS26-0415 | Danessa Seward PPS26-0440 |
| James Cox PPS26-0176 | Paul Koessel PPS26-0244 | David Shirley PPS26-0441 |
| Christopher Drummond PPS26-0391 | Priscilla Mayse PPS26-0421 | Richard Skyles PPS26-0442 |
| Brandon Fisher PPS26-0023 | Justin Mertzig PPS26-0424 | Kevin Sooter PPS26-0443 |
| Terri Frank PPS26-0104 | Zach Nash PPS26-0282 | Shannon Sooter PPS26-0444 |
| David Gianini PPS26-0029 | Jeremy Nicholas PPS26-0051 | Dylan Stricklin PPS26-0345 |
| Bradley Gordon PPS26-0209 | Daniel O'Conner PPS26-0054 | Kalen Stricklin PPS26-00346 |
| Darnell E Hamilton PPS26-0397 | Orlando Parra-Alvarez PPS26-0428 | Austin Weekley PPS26-0450 |
| James Hannah PPS26-0398 | Cody Patton PPS26-0429 | Doreen Weekley PPS26-0449 |
| Rufus Harmon PPS26-0400 | Mike Perry PPS26-0430 | Ryan E Weekley PPS26-0452 |
| Floyd Hatfield PPS26-0402 | Jacob Peterson PPS26-0431 | Ryan M Weekley PPS26-0451 |
| Stephen Heitz PPS26-0221 | Elizabeth Phillips PPS26-0432 | Robert Weishar PPS26-0084 |
| Moses Hicks IV PPS26-0405 | Craig Poese PPS26-0111 | Alicha Whittaker PPS26-0456 |
| Bridgette Hight PPS26-0406 | Candy Poese PPS26-0112 | Andrew Wickliffe PPS26-0453 |
| Kennedy Hoy PPS26-0409 | Dee Powell PPS26-0434 | Conni Wilson PPS26-0455 |
| Robert Jackson II PPS26-0410 | Samantha Powell PPS26-0433 | Greg Zotta PPS26-0458 |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

By: */s/ Morgan Zeidman, Esq.*
*Attorney for Plaintiff*

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    _____

Judge or Clerk

Electronically Filed - Jefferson - April 17, 2026 - 02:50 PM

**26JE-CC00398**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI
AT HILLSBORO**

| | |
|---|---|
| **PATRICK AND COLLEEN SANDNESS** | |
| **Plaintiffs,** | |
| **v.** | **Case No. _____** |
| **STATE FARM FLORIDA INSURANCE COMPANY** | |
| **Defendant.** | |

## DESIGNATION OF LEAD ATTORNEY

COMES NOW Plaintiff(s) Patrick and Colleen Sandness, by and through the undersigned

counsel, and hereby designates Morgan Zeidman, Esq. as lead attorney of record in this matter,

pursuant to Local Rule 3.5.1.

**COHEN LAW GROUP**

By: */s/ Morgan Zeidman, Esq.*
Morgan Zeidman, MO Bar # 78537
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
Primary: mzeidman@itsaboutjustice.law
Secondary: Claudia.pitsch@itsaboutjustice.law
ATTORNEY FOR PLAINTIFFS

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH ALFRED RATHERT | Case Number:  26JE-CC00398 |
| Plaintiff/Petitioner:<br>PATRICK SANDESS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MORGAN ZEIDMAN<br>350 N  LAKE DESTINY RD<br>MAITLAND, FL  32751 |
| Defendant/Respondent:<br> STATE FARM FIRE AND CASUALTY COMPANY | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp for Return) |

**The State of Missouri to:   STATE FARM FIRE AND CASUALTY COMPANY**
**Alias:**
**DEPARTMENT OF INSURANCE**
**301 W. HIGH ST., ROOM 530**
**JEFFERSON CITY, MO  65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*JEFFERSON COUNTY*

|  |  |
|---|---|
| 21-APR-2026 | Michael E. Reuter, Circuit Clerk<br>/s/ LR Alexander, Deputy Clerk |
| Date | Clerk |

**Further Information:**

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                               Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                                                              Date                                   Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

> **FILED**
>
> 04/21/2026
>
> Michael E. Reuter
> CLERK, CIRCUIT COURT
> JEFFERSON COUNTY

### APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to RSMo 50.140, the requested individual(s) listed in Plaintiff's Motion for Special Process Server are appointed as Special Process Server(s) in this cause.

*Michael e. Reuter, Circuit Clerk*

*By:*
   *Deputy Clerk*

Electronically Filed - JEFFERSON - June 01, 2026 - 04:50 PM

# AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Jefferson**          **Circuit Court**

Case Number: 26JE-CC00398

Plaintiff: **PATRICK AND COLLEEN SANDNESS**
vs.
Defendant: **STATE FARM FIRE AND CASULATY COMPANY**

POW2026006832

For: Cohen Law Group - Missouri, LLC

Received by D & B Legal Service, LLC to be served on **State Farm Fire and Casualty Company, 301 West High Street , Suite 530, Jefferson City, MO 65101**. I, _Rufus R. Harmon_ , being duly sworn, depose and say that on the _19th_ day of _May_ , 20_26_ at _10:50_ _a_.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition for Damages (2), Designation of Lead Attorney, Plaintiff's First Request for Production to Defendant, Plaintiff's First Set of Interrogatories to Defendant, Motion for Approval and Appointment of Private Process Server** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as
_____.

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as
_____ at the alternate address of
_____.

(X) AUTHORIZED SERVICE: By serving, _Kim Landers_ as
_Authorized Agent_

( )NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____

Age _45_ Sex M/(F) Race _white_ Height _5'8''_ Weight _180_ Hair _Brown_ Glasses (Y) N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_Rufus R. Harmon_

Subscribed and Sworn to before me on the _21st_ day of _May_ _2026_ by the affiant who is personally known to me in the State of _Missouri_ and County of _Cole_

_Kelsey Schrimpf_
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Service, LLC**
**5350 W 94th Ter Ste 206**
**Prairie Village, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2026006832
Ref: 5148619

KELSEY SCHRIMPF
Notary Public, Notary Seal
State of Missouri
Cole County
Commission # 23381805
My Commission Expires 08-14-2027

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V

Electronically Filed - JEFFERSON - June 01, 2026 - 04:50 PM



# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH ALFRED RATHERT | Case Number: **26JE-CC00398** |
| Plaintiff/Petitioner:<br>PATRICK SANDESS<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MORGAN ZEIDMAN<br>350 N LAKE DESTINY RD<br>MAITLAND, FL 32751 |
| Defendant/Respondent:<br> STATE FARM FIRE AND CASUALTY COMPANY | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Breach of Contract | |

The State of Missouri to:   **STATE FARM FIRE AND CASUALTY COMPANY**
**Alias:**
**DEPARTMENT OF INSURANCE**
**301 W. HIGH ST., ROOM 530**
**JEFFERSON CITY, MO 65101**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**JEFFERSON COUNTY**

_____21-APR-2026_____
Date

Michael E. Reuter, Circuit Clerk
/s/ LR Alexander, Deputy Clerk
Clerk

**Further Information:**

State of Missouri

# Department of Commerce and Insurance



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

STATE FARM FIRE AND CASUALTY COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**FILED**

JUN 15 2026

MICHAEL E. REUTER
CIRCUIT CLERK

**RE:** Court: Jefferson Co. Circuit Court, Case Number: 26JE-CC00398

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Tuesday, May 19, 2026.

_____
Director of Commerce and Insurance

---

AFFIDAVIT

State of Missouri,
             ss.
County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on ___May 20___, ___2026___, by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: _____

Subscribed and sworn to before me, this 20th day of May, 2026

_____
Notary Public

My commission expires: _____

KATHRYN LATIMER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 4, 2028
COLE COUNTY
COMMISSION #12418395

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-0690
Telephone 573-526-4199 / RelayMo TTY Dial 711 or 1-800-735-2966 (Hearing Impaired)
http://www.dci.mo.gov

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■

1. STATE FARM FIRE AND
CASUALTY COMPANY
CSC LAWYERS
INCORPORATING SERVICE
COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

9590 9402 7563 2098 6516 77

2. Article Number (Transfer from service label)

9589 0710 5270 1990 2277 57

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Lewis
☐ Agent
☐ Addres

B. Received by (Printed Name)     C. Date of Deliv

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**FILED**

JUN 15 2026

MICHAEL E. REUTER
CIRCUIT CLERK

3. Service Type
☐ Adult Signature                    ☐ Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                     ☐ Registered Mail Restri
☐ Certified Mail Restricted Delivery   Delivery
☐ Collect on Delivery                ☐ Signature Confirmatio
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmatio
☐ Insured Mail                         Restricted Delivery
   Mail Restricted Delivery

Domestic Return Recei